**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **UPAID SYSTEMS, LTD.,** | § | **Case No. 2-07CV-114-CE** |
| **a British Virgin Islands corporation** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **SATYAM COMPUTER SERVICES, LTD.,** | § | **JURY TRIAL DEMANDED** |
| **an Indian corporation, and** | § | |
| **RAGHURAM GOVINDACHARYULA,** | § | |
| | § | |
| **Defendants.** | § | |

**SATYAM COMPUTER SERVICES, LTD.'S ANSWER TO
UPAID SYSTEMS, LTD.'S THIRD AMENDED COMPLAINT**

Defendant Satyam Computer Services, Ltd. ("Satyam") hereby answers Plaintiff Upaid Systems, Ltd.'s ("Upaid") Third Amended Complaint of October 28, 2008 ("Complaint") as follows:

**PARTIES**

1.      Satyam admits that Upaid is a corporation incorporated under the laws of the British Virgin Islands.  Satyam is without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in Paragraph 1 of the Complaint relating to principal place of business, and therefore denies the same.

a)      Satyam is without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in Paragraph 1(a) of the Complaint, and therefore denies the same.

b)      Satyam is without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in Paragraph 1(b) of the Complaint, and therefore denies the same.

c)      Satyam is without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in Paragraph 1(c) of the Complaint, and therefore denies the same.

d)      Satyam is without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in Paragraph 1(d) of the Complaint, and therefore denies the same.

e)      Satyam is without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in Paragraph 1(e) of the Complaint, and therefore denies the same.

2.      Satyam admits that Satyam Computer Services, Ltd. ("SCS") is a corporation organized under the laws of India.  Satyam admits that its principal place of business is 2nd Floor, Mayfair Centre, Sardar Patel Road, Secunderabad, 500 003, India.  Satyam admits that Satyam Enterprise Solutions Limited ("SES") is a corporation incorporated under the laws of India. Satyam admits that SES was merged into SCS.   Satyam denies the remaining averments and allegations contained in Paragraph 2 of the Complaint.

3.      Satyam admits that Raghuram Govindacharyula ("Govind") is a citizen of India who currently  resides at 2248 Micarta Drive, Plano, Texas 75025.  Satyam denies the remaining averments and allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint is a legal conclusion.  To the extent that Paragraph 4 incorporates factual allegations, Satyam denies them.

5.      For purposes of this action by Upaid, Satyam concedes that it is subject to the personal jurisdiction of this Court.  Satyam denies all averments and allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 calls for a legal conclusion.  To the extent it requires an answer, Satyam denies all averments and allegations contained in Paragraph 6 of the Complaint.

7.      Satyam is without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

## BACKGROUND

8.      Satyam admits that Upaid is in the telecommunications industry.  Satyam is without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9.      Satyam admits that SCS is a software developer, designer and consultant.

10.      Satyam admits that SES provided IT services.  Satyam admits that SES did not have its own fully dedicated legal team.  Satyam denies the remaining averments and allegations contained in Paragraph 10 of the Complaint.

11.      Satyam is without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12.      Satyam is without knowledge or information sufficient to form a belief as to the truth of the averments and allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13.     Satyam admits that Upaid and Satyam executed a Memorandum of Understanding.  Satyam denies the remaining averments and allegations contained in Paragraph 13 of the Complaint.

14.     Satyam refers the Court to the MOU in its entirety as that document speaks for itself.  Satyam denies the remaining averments and allegations contained in Paragraph 14 of the Complaint.

15.     Satyam admits that during its business relationship with Upaid, it provided services performed and updates on the progress of the various projects under development. Satyam denies the remaining averments and allegations contained in Paragraph 15 of the Complaint.

16.     Satyam admits that SES executed a document entitled "Assignment" with InTouch Technologies, Ltd. that has an effective date of January 1, 1998.  Satyam admits that the "Assignment" is governed by the laws of the State of New York.  Satyam denies the remaining averments and allegations contained in Paragraph 16 of the Complaint.

17.     Satyam admits that the document entitled "Assignment" contains the language quoted in Paragraph 17 of the Complaint, but refers the Court to the entire document to infer its meaning.  Satyam denies the remaining averments and allegations contained in Paragraph 17 of the Complaint.

18.     Satyam admits that the language quoted in Paragraph 18 of the Complaint appears in the document entitled "Assignment," but refers the Court to the entire document to infer its meaning.  Satyam denies the remaining averments and allegations contained in Paragraph 18 of the Complaint.

19.     Satyam denies the averments and allegations contained in Paragraph 19 of the Complaint.

20.     Satyam admits that several Satyam employees performed software coding for Upaid.  Satyam admits that Ramkumar Mambakkam ("Mambakkam") was hired to work by SCS, but assigned to work for SES.  Satyam denies the remaining averments and allegations contained in Paragraph 20 of the Complaint.

21.     Satyam denies the averments and allegations contained in Paragraph 21 of the Complaint.

22.     Satyam denies the averments and allegations contained in Paragraph 22 of the Complaint.

23.     Satyam admits that Upaid filed two provisional patent applications, serial nos. 60/100,440 and 60/100470, on September 15, 1998.  Satyam denies the remaining averments and allegations contained in Paragraph 23 of the Complaint.

24.     Satyam denies the averments and allegations contained in Paragraph 24 of the Complaint.

25.     Satyam denies the averments and allegations contained in Paragraph 25 of the Complaint.

26.     Satyam admits that on December 1, 1998, Satyam employee Sairam T sent an email attaching a draft non-disclosure agreement to Simon Joyce.  Satyam denies the remaining averments and allegations contained in Paragraph 26 of the Complaint.

27.     Satyam denies the averments and allegations contained in Paragraph 27 of the Complaint.

28.     Satyam admits that the language quoted appears, but is not italicized, in an email from Marc Chafetz to Srini Raju dated July 6, 1999.  Satyam refers the Court to the entire email to infer its meaning.  Satyam denies the remaining averments and allegations contained in Paragraph 28 of the Complaint.

29.     Satyam denies the averments and allegations contained in Paragraph 29 of the Complaint.

30.     Satyam denies the averments and allegations contained in Paragraph 30 of the Complaint.

31.     Satyam admits that U.S. Patent No. 6,320,947 was filed on September 14, 1999. Satyam admits that certain assignments were recorded with the United States Patent and Trademark Office ("PTO").  Satyam denies the remaining averments and allegations contained in Paragraph 31 of the Complaint.

32.     Satyam denies the averments and allegations contained in Paragraph 32 of the Complaint.

33.     The Ashok Reddy ("A. Reddy") assignments speak for themselves as to their terms and conditions.  Satyam admits that the A. Reddy assignments purport to  bear the signature of A. Reddy.  Satyam denies the remaining averments and allegations contained in Paragraph 33 of the Complaint to the extent they are inconsistent with the assignments.

34.     Satyam denies the averments and allegations contained in Paragraph 34 of the Complaint.

35.     Satyam admits that the assignments signed by Mambakkam are substantially identical to the assignments signed by A. Reddy.  Satyam denies the remaining averments and

allegations contained in Paragraph 35 of the Complaint to the extent they are inconsistent with the assignments.

36.     Satyam denies the averments and allegations contained in Paragraph 36 of the Complaint.

37.     Satyam admits that the assignments signed by Govind are substantially identical to the assignments signed by Mambakkam and A. Reddy. Satyam denies the remaining averments and allegations contained in Paragraph 37 of the Complaint to the extent they are inconsistent with the assignments.

38.     Satyam denies the averments and allegations contained in Paragraph 38 of the Complaint.

39.     Satyam admits that the assignments signed by Sree Ram Murthy Ayala ("Ayala") are substantially identical to the assignments signed by Govind, Mambakkam and A. Reddy. Satyam denies the remaining averments and allegations contained in Paragraph 39 of the Complaint to the extent they are inconsistent with the assignments.

40.     Paragraph 40 of the Complaint calls for a legal conclusion and speculation.  To the extent it requires an answer, Satyam denies the averments and allegations contained in Paragraph 40 of the Complaint.

41.     Satyam admits that the Patent Act, 35 U.S.C. § 111, lists an oath as a component of an application for patent.  Satyam admits that 35 U.S.C. § 115 details certain statements that must be made in an oath.  Satyam denies the remaining averments and allegations contained in Paragraph 41 of the Complaint.

42.     Satyam admits that the PTO mailed a Notice to File Missing Parts of an Application on September 30, 1999.  Satyam admits that the Notice to File Missing Parts of an

Application is stamped "Received" by Staas & Halsey on October 6, 1999.  Satyam further admits that a document entitled Combined Declaration/Power of Attorney for Utility/Design Patent Application containing signatures from 20 then current or former Satyam employees was filed with the PTO.  Satyam denies the remaining averments and allegations contained in Paragraph 42 of the Complaint.

43.     Satyam admits the allegations contained in Paragraph 43 of the Complaint.

44.     Satyam admits the allegations contained in Paragraph 44 of the Complaint.

45.     Satyam admits the allegations contained in Paragraph 45 of the Complaint.

46.     Satyam admits the allegations contained in Paragraph 46 of the Complaint.

47.     Satyam admits that the '947 patent was issued by the PTO on November 20, 2001.  Satyam denies the remaining averments and allegations contained in Paragraph 47 of the Complaint.

48.     Satyam admits that Application Serial Number 09/395,868 was filed on May 9, 2001.  Satyam admits that Application Serial Number 09/395,868 issued from the PTO on April 30, 2002 as U.S. Patent No. 6,381,316.  Satyam denies the remaining averments and allegations contained in Paragraph 48 of the Complaint.

49.     Satyam admits that Application Serial Number 09/894,890 was filed as a continuation-in-part of the '947 patent on June 29, 2001.  Satyam denies the remaining averments and allegations contained in Paragraph 49 of the Complaint.

50.     Satyam admits that Upaid produced a document purporting to be an email dated July 24, 2001, from Subhashree Radhakrishnan ("Subha"), a Upaid employee, to Ranganatham Veluru ("Veluru"), a Satyam employee.  Satyam denies the remaining averments and allegations contained in Paragraph 50 of the Complaint.

51.     Satyam denies the averments and allegations contained in Paragraph 51 of the Complaint.

52.     Satyam admits that Upaid produced a document purporting to be an email dated October 5, 2001, from Subha to Veluru.

53.     Satyam denies the averments and allegations contained in Paragraph 53 of the Complaint.

54.     Satyam admits that Application Serial No. 10/114,047 was filed on April 3, 2002. Satyam admits that Application Serial No. 10/114,047 issued from the PTO on March 30, 2004 as U.S. Patent No. 6,714,632.  Satyam denies the remaining averments and allegations contained in Paragraph 54 of the Complaint.

55.     Satyam admits that Application Serial Number 10/684,396 was filed on October 15, 2003.  Satyam admits that Application Serial Number 10/684,396 issued from the PTO on December 11, 2007 as U.S. Patent No. 7,308,087.  Satyam denies the remaining averments and allegations contained in Paragraph 55 of the Complaint.

56.     Satyam denies the averments and allegations contained in Paragraph 56 of the Complaint.

57.     Satyam admits the allegations contained in Paragraph 57 of the Complaint.

58.     Satyam admits the allegations contained in Paragraph 58 of the Complaint.

59.     Satyam admits the allegations contained in Paragraph 59 of the Complaint.

60.     Satyam denies the averments and allegations contained in Paragraph 60 of the Complaint.

61.     Satyam admits that an executed copy of a document entitled "Patent Purchase Agreement" has been produced by Upaid.  Satyam denies the remaining averments and allegations contained in Paragraph 61 of the Complaint.

62.     Satyam admits that Upaid contacted Satyam in December of 2006 regarding the alleged forgeries.  Satyam denies the remaining averments and allegations contained in Paragraph 62 of the Complaint.

63.     Satyam admits that the document entitled "Assignment" contains the quoted language, but refers the Court to the entire document to infer its meaning.  Satyam denies the remaining averments and allegations contained in Paragraph 63 of the Complaint.

64.     Satyam denies the averments and allegations contained in Paragraph 64 of the Complaint.

65.     Satyam denies the averments and allegations contained in Paragraph 65 of the Complaint.

66.     Satyam admits that Upaid attempted to serve a subpoena on Satyam on January 8, 2007.  Satyam admits that the subpoena called for production of documents on January 15, 2007 and deposition of a corporate representative under Rule 30(b)(6) on January 22, 2007.  Satyam denies the remaining averments and allegations contained in Paragraph 66 of the Complaint.

67.     Satyam denies the averments and allegations contained in Paragraph 67 of the Complaint.

68.     Satyam admits that the first complaint in this action was filed on April 4, 2007.  Satyam admits that on June 18, 2007 it applied to the High Court of Justice, Queen's Bench Division, Commercial Court in London, England for an injunction restraining the proceedings in this case.  Satyam admits that its request for an injunction was styled as stated in the Complaint.

Satyam denies the remaining averments and allegations contained in Paragraph 68 of the Complaint.

69.    Satyam admits that judgment was entered by the Commercial Court in London denying Satyam's requested relief.  Satyam denies the remaining averments and allegations contained in Paragraph 69 of the Complaint.

70.    Satyam admits that the decision of the Commercial Court in London was appealed.  Satyam denies the remaining averments and allegations contained in Paragraph 70 of the Complaint.

71.    Satyam admits that the language quoted in Paragraph 71 of the Complaint appears in  the Order of the Court of Appeal, but refers the Court to the entire document to infer its meaning.  Satyam denies the remaining averments and allegations contained in Paragraph 71 of the Complaint.

72.    Satyam admits that the document entitled "Assignment" makes no provision for limitation of damages between the parties.  Satyam denies the remaining averments and allegations in Paragraph 72 of the Complaint.

73.    Satyam admits that it petitioned the House of Lords for permission to appeal. Satyam denies the remaining averments and allegations contained in Paragraph 73 of the Complaint.

74.    Satyam admits that A. Reddy is still a Satyam employee.  Satyam admits that A. Reddy has met with former Satyam employees and asked them to sign confidentiality agreements, which speak for them themselves as to their terms and conditions.  Satyam denies the remaining averments and allegations contained in Paragraph 74 of the Complaint.

75.     Satyam denies the averments and allegations contained in Paragraph 75 of the Complaint.

76.     Satyam admits that Ayala worked on the Upaid project.   Satyam admits that Ayala worked in the United States in or around February 1999.  Satyam admits that Upaid filed the Combined Declaration with the USPTO.  Satyam denies the remaining averments and allegations contained in Paragraph 76 of the Complaint.

77.     Satyam denies the averments and allegations contained in Paragraph 77 of the Complaint.

## COUNT 1: DECLARATORY JUDGMENT REGARDING VALIDITY/ENFORCEABILITY OF UNITED STATES PATENTS

78.     Satyam believes that Paragraph 78 of the Complaint does not require a response. To the extent a response is required, Satyam denies the averments and allegations contained in Paragraph 78 of the Complaint.

79.     Satyam denies the averments and allegations contained in Paragraph 79 of the Complaint.

80.     Satyam denies the averments and allegations contained in Paragraph 80 of the Complaint.

81.     Satyam denies that Upaid did not aid, abet or participate in the forgery of any documents filed with the PTO in relation to the '947 and '632 patents.  Satyam is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments and allegations contained in Paragraph 81 of the Complaint, and therefore denies the same.

82.     Satyam denies the averments and allegations contained in Paragraph 82 of the Complaint.

83.     Satyam denies that this Court has subject matter jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 or 35 U.S.C. § 101 *et seq.* on the facts alleged in the Complaint.  Satyam denies that Upaid is entitled to any relief, whether declaratory or otherwise.  Satyam denies the remaining averments and allegations contained in Paragraph 83 of the Complaint.

84.     Satyam denies that this Court has subject matter jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 or 35 U.S.C. § 101 *et seq.* on the facts alleged in the Complaint.  Satyam denies that this Court has subject matter jurisdiction to hear or decide a "justiciable ownership issue."  Satyam denies that Upaid is entitled to any relief, whether declaratory or otherwise.  Satyam denies the remaining averments and allegations contained in Paragraph 84 of the Complaint.

## COUNT II: FRAUD OR NEGLIGENT MISREPRESENTATION, AND FORGERY

85.     Satyam believes that Paragraph 85 of the Complaint does not require a response. To the extent a response is required, Satyam denies the averments and allegations contained in Paragraph 85 of the Complaint.

86.     Satyam denies the averments and allegations contained in Paragraph 86 of the Complaint.

87.     Satyam denies the averments and allegations contained in Paragraph 87 of the Complaint.

88.     Satyam denies the averments and allegations contained in Paragraph 88 of the Complaint.

89.     Satyam denies the averments and allegations contained in Paragraph 89 of the Complaint.

90.     Satyam denies the averments and allegations contained in Paragraph 90 of the Complaint.

91.     Satyam denies the averments and allegations contained in Paragraph 91 of the Complaint.

92.     Satyam denies the averments and allegations contained in Paragraph 92 of the Complaint.

93.     Satyam denies the averments and allegations contained in Paragraph 93 of the Complaint.

94.     Satyam denies the averments and allegations contained in Paragraph 94 of the Complaint.

95.     Satyam denies the averments and allegations contained in Paragraph 95 of the Complaint.

96.     Satyam denies the averments and allegations contained in Paragraph 96 of the Complaint.

97.     Satyam denies the averments and allegations contained in Paragraph 97 of the Complaint.

98.     Satyam denies the averments and allegations contained in Paragraph 98 of the Complaint.

99.     Satyam denies that Upaid is entitled to any relief, in any form whatsoever. Satyam denies the remaining averments and allegations contained in Paragraph 99 of the Complaint.

100.    Satyam denies that Upaid is entitled to any relief, in any form whatsoever.
Satyam denies the remaining averments and allegations contained in Paragraph 100 of the
Complaint.

101.    Satyam admits that Upaid is subject to a heightened pleading standard under Rule
9(b) of the Federal Rules of Civil Procedure.  Satyam admits that Upaid has attached to the
Complaint documents it describes as Exhibits 1 though 9.  Satyam denies the remaining
averments and allegations contained in Paragraph 101 of the Complaint.

## COUNT III: BREACH OF THE ASSIGNMENT AGREEMENT

102.    Satyam believes that Paragraph 102 of the Complaint does not require a response.
To the extent a response is required, Satyam denies the averments and allegations contained in
Paragraph 102 of the Complaint.

103.    Satyam admits that the document entitled "Assignment" contains the language
referenced in Paragraph 103 of the Complaint.  Satyam denies the remaining averments and
allegations contained in Paragraph 103 of the Complaint.

104.    Satyam denies the averments and allegations contained in Paragraph 104 of the
Complaint.

105.    Satyam denies the averments and allegations contained in Paragraph 105 of the
Complaint.

106.    Satyam denies the averments and allegations contained in Paragraph 106 of the
Complaint.

107.    Satyam denies the averments and allegations contained in Paragraph 107 of the
Complaint.

108.     Satyam denies the averments and allegations contained in Paragraph 108 of the Complaint.

109.     Satyam denies the averments and allegations contained in Paragraph 109 of the Complaint.

110.     Satyam denies the averments and allegations contained in Paragraph 110 of the Complaint.

111.     Satyam denies the averments and allegations contained in Paragraph 111 of the Complaint.

112.     Satyam denies that Upaid is entitled to any relief, in any form whatsoever. Satyam denies the remaining averments and allegations contained in Paragraph 112 of the Complaint.

113.     Satyam denies that Upaid is entitled to any relief, in any form whatsoever. Satyam denies the remaining averments and allegations contained in Paragraph 113 of the Complaint.

## COUNT IV: FAILURE OF TITLE

114.     Satyam believes that Paragraph 114 of the Complaint does not require a response. To the extent a response is required, Satyam denies the averments and allegations contained in Paragraph 114 of the Complaint.

115.     Satyam denies the averments and allegations contained in Paragraph 115 of the Complaint.

116.     Satyam denies the averments and allegations contained in Paragraph 116 of the Complaint.

117.    Satyam denies the averments and allegations contained in Paragraph 117 of the Complaint.

118.    Satyam denies that Upaid is entitled to any relief, in any form whatsoever. Satyam denies the remaining averments and allegations contained in Paragraph 118 of the Complaint.

## COUNT V: VIOLATIONS OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT – 18 U.S.C. § 1962(c)

119 – 144.  Paragraphs 119 – 144 of the Complaint are subject to Satyam's pending Motion to Dismiss Counts V and VI of Plaintiff's Third Amended Complaint filed on March 5, 2009.  Accordingly, Satyam is not required to answer and does not admit Paragraphs 119-144.

## COUNT VI: VIOLATIONS OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT – 18 U.S.C. § 1962(d)

145-153.  Paragraphs 145- 153 of the Complaint are subject to Satyam's pending Motion to Dismiss Counts V and VI of Plaintiff's Third Amended Complaint filed on March 5, 2009. Accordingly, Satyam is not required to answer and does not admit Paragraphs 145-153.

## PUNITIVE DAMAGES

154.   Satyam denies that Upaid is entitled to any relief, in any form whatsoever.  Satyam denies the remaining averments and allegations contained in Paragraph 154 of the Complaint.

155.   Satyam denies that Upaid is entitled to any relief, in any form whatsoever.  Satyam denies the remaining averments and allegations contained in Paragraph 155 of the Complaint.

156.   Satyam denies that Upaid is entitled to any relief, in any form whatsoever.  Satyam denies the remaining averments and allegations contained in Paragraph 156 of the Complaint.

## JURY DEMAND

Satyam respectfully demands a jury trial on all issues triable to a jury.

## REQUEST FOR RELIEF

Satyam denies that Upaid is entitled to any relief whatsoever, and request that this Court

enter a take-nothing judgment in favor of Satyam.

## <u>SATYAM'S AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE
(Lack Of Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction to hear Upaid's claims against Satyam.

### SECOND AFFIRMATIVE DEFENSE
(Failure To Plead With Specificity)

Upaid has failed to plead its allegations of fraud or mistake with sufficient particularity

pursuant to Fed. R. Civ. P. 9(b).

### THIRD AFFIRMATIVE DEFENSE
(Failure To State A Claim On Which Relief May Be Granted)

Upaid has failed to state a claim on which relief may be granted by this Court.

### FOURTH AFFIRMATIVE DEFENSE
(Failure To Mitigate Damages)

Upaid has failed to mitigate its damages, if any, due to its failure to investigate and

litigate the allegations of fraud in the previous patent infringement action.

### FIFTH AFFIRMATIVE DEFENSE
(Economic Loss Rule)

Upaid's tort claims are barred by the economic loss rule.

### SIXTH AFFIRMATIVE DEFENSE
(Contributory Negligence)

Upaid's tort claims are barred, at least in part, by the doctrine of contributory negligence.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

Upaid's claims are barred by laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

At least some of Upaid's claims are barred by the applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Upaid's damages claims are barred by the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Upaid's claims for relief are barred by the estoppel doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

Upaid's claims for relief are barred in whole or in part for lack of proper venue.

## TWELFTH AFFIRMATIVE DEFENSE
### (Forum Non Conveniens)

Upaid's claims for relief are barred in whole or in part based on the doctrine of forum non conveniens.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (2002 Settlement Agreement)

Upaid's claims for relief are barred in whole or in part to the extent they arise under or relate to the Settlement Agreement entered by the parties on December 31, 2002, which releases such claims, contains a covenant-not-to-sue based on such claims, and requires, pursuant to clause 4(c), that "any and all disputes arising out of or relating to this Agreement shall be brought in a court of competent jurisdiction in London, England and the Parties irrevocably submit to jurisdiction and venue in London, England."

**PRAYER FOR RELIEF**

Therefore, Satyam prays for relief as follows:

     a)  the Court dismiss Upaid's Complaint for lack of subject matter jurisdiction

     b)  the Court award to Defendant Satyam its attorneys fees as allowed by law;

     c)  the Court award to Defendant Satyam its costs in defending this action;

     d)  the Court award all other relief as may be just and proper.

Dated:  March 5, 2009                          Respectfully submitted,

                                               /s/ Garreth A. Sarosi
                                               Sanford E. Warren, Jr. (lead attorney)
                                               State Bar No. 20888690
                                               Garreth A. Sarosi
                                               State Bar No. 24039373
                                               **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                               1700 Pacific Avenue, Suite 4100
                                               Dallas, Texas 75201
                                               (214) 969-2800 (telephone)
                                               (214) 969-4343 (facsimile)

                                               Andrew J. Rossman (*pro hac vice*)
                                               **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                               590 Madison Avenue
                                               New York, New York 10022
                                               (212) 872-1081 (telephone)
                                               (212) 872-1002 (facsimile)

                                               Melissa Richards Smith
                                               **GILLAM SMITH, L.L.P.**
                                               303 S. Washington Avenue
                                               Marshall, Texas 75670
                                               (903) 934-8450 (telephone)
                                               (903) 934-9257 (facsimile)

                                               E. Glenn Thames, Jr.
                                               Texas Bar No. 00785097
                                               glennthames@potterminton.com
                                               **POTTER MINTON, a Professional Corporation**
                                               A Professional Corporation
                                               110 North College, Suite 500
                                               Tyler, Texas 75702
                                               Telephone:  (903) 597-8311
                                               Facsimile:   (903) 593-0846

                                               **ATTORNEYS FOR DEFENDANT
                                               SATYAM COMPUTER SERVICES, LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 5, 2009.

*/s/ Garreth A. Sarosi*
Garreth A. Sarosi